UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. FISHER,

                Plaintiff,               Case No. 2:24-cv-10956

v.                                      Honorable Susan K. DeClercq
                                      United States District Judge

RENATA PATTON,
in her personal capacity,

                Defendant.
_____/

## OPINION AND ORDER PARTIALLY DISMISSING COMPLAINT AND CHANGING CAUSE CODE

Michael D. Fisher, incarcerated at Macomb Correctional Facility (MCF), brings this *pro se* civil-rights lawsuit under 42 U.S.C. § 1983. He accuses Renata Patton, an MCF employee, of unlawfully withdrawing funds from his prison account in violation of his due-process rights and in retaliation for grievances he filed against her. As explained below, the complaint will be partially dismissed, allowing the retaliation claim to proceed but dismissing the due-process claim and the official-capacity claims.

## I. BACKGROUND

Fisher, working as a prisoner observation aid, alleges that Patton instituted a "rollover" payment system, capping monthly earnings at $100 and deferring the remainder to the following month. ECF No. 1 at PageID.3–5, 26–27.

When Fisher complained about this to a prison ombudsman on June 5, 2023, Patton allegedly retaliated by withdrawing $103.54 from Fisher's account on June 22, claiming an overpayment correction for April 2023. *Id.* at PageID.3–4, 21, 25, 28–29. Fisher disputes the overpayment, arguing that the withdrawal was excessive, retaliatory, and unauthorized. He seeks a declaration of his constitutional rights and $300,000 in damages. *Id.* at PageID.4–5, 8.

## II. STANDARD OF REVIEW

Fisher is proceeding *in forma pauperis*, which requires this Court to screen the complaint and to dismiss it if it is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1915(e)(2). To state a claim under § 1983, Fisher must allege that he was deprived of a constitutional right by someone acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155–56 (1978). While a *pro se* complaint is held to less stringent standards, it must still plead sufficient facts to state a plausible claim for relief. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III. ANALYSIS

### A. Claims Brought Against State Official's Official Capacity

Fisher's claims against Patton in her official capacity are effectively claims against the Michigan Department of Corrections, which is immune from suits for

- 2 -

monetary damages under the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *see also Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013). Moreover, Fisher's request for a declaration that Patton's *past* actions were unconstitutional does not meet the criteria for the *Ex parte Young* exception to sovereign immunity, which requires *ongoing* violations of federal law. *See Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020). Therefore, the official-capacity claims are dismissed.

### B. Due Process Under Fourteenth Amendment

Fisher's due-process claim fails under *Parratt v. Taylor*, 451 U.S. 527 (1981), which bars federal due-process claims for random, unauthorized acts by state employees if the state provides an adequate postdeprivation remedy, *id.* at 541. Michigan's judicial remedies for property deprivations are adequate. *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995) ("Michigan provides several adequate post-deprivation remedies . . . . that . . . 'go far beyond the requirements of due process.'" (citations omitted)). Yet Fisher has made no effort to demonstrate that these remedies are unavailable or insufficient. Moreover, though he filed several prison grievances, he never even pursued them in state court. Thus, his due-process claim is dismissed. *See id.* at 479 (citing *Hudson v. Palmer*, 468 U.S. 517, 533–36 (1984)); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993); *Brooks v. Dutton*, 751

F.2d 197, 198–99 (6th Cir. 1985); *see also Mowatt v. Miller*, No. 92-1204, 1993 WL 27460, at *1 (6th Cir. Feb. 5, 1993) (same where money was allegedly applied to a deficit in the prison account); *Shabazz v. Lecureux*, 811 F.2d 607, 1986 WL 16140, at *1 (6th Cir. 1986) (same where defendant unlawfully appropriated money from the prison account).

### C. Retaliation Under First Amendment

Fisher's retaliation claim survives initial review. To state a First Amendment retaliation claim, Fisher must show that (1) he engaged in protected conduct, (2) he suffered an adverse action that would deter a person of ordinary firmness, and (3) the adverse action was motivated by his protected conduct. *See Siggers-El v. Barlow*, 412 F.3d 693, 699 (6th Cir. 2005) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394, 393 (6th Cir. 1999)). Construing Plaintiff's allegations favorably to him, Fisher alleges he filed a nonfrivolous grievance against Patton's payment procedures, and soon after, Patton withdrew funds from his account. This timing suggests a retaliatory motive sufficient to state a plausible claim. *See, e.g.*, *Jones v. Cline,* 1:17-CV-00324, 2017 WL 1531875, at *16 (W.D. Mich. April 28, 2017). Thus, Fisher's retaliation claim proceeds.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's official-capacity and due-process claims are **DISMISSED**.

Further, it is **ORDERED** that Plaintiff's First Amendment retaliation claim **PROCEEDS** against Patton in her personal capacity.

Further, it is **ORDERED** that the Clerk of the Court is **DIRECTED** to change the Cause Code of this case to "42:1983pr: Prisoner Civil Rights."

**This order does not close the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 7/30/2024

- 5 -