UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. FISHER,

    Plaintiff,

v.

RENATA PATTON,

    Defendant.
_____/

Case No. 2:24-cv-10956

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER OVERRULING PLAINTIFF'S "OBJECTION" (ECF No. 17) AND DENYING RECONSIDERATION OF COURT'S ORDER ENFORCING SETTLEMENT**

Plaintiff Michael Fisher seeks reconsideration of this Court's February 2025 order enforcing the parties' settlement. But, as explained below, Plaintiff's request will be denied.

## I. BACKGROUND

Plaintiff Michael Fisher, incarcerated at the Macomb Correctional Facility, sued Defendant Renata Patton, an employee of the Michigan Department of Corrections (MDOC), alleging that she improperly removed money from his prison account. ECF No. 1. On December 10, 2024, the parties participated in a mediation through the Court's Early Mediation Program. At the conclusion of the mediation, the parties appeared before Magistrate Judge Kimberly G. Altman via a recorded Zoom session and the mediator informed her that they had "resolved the case with

the payment of $500 to the Plaintiff." Despite affirmatively representing to Judge Altman that the mediator's statement "accurately stat[ed] the agreement as [he] underst[ood] it," Fisher later refused to sign the release document prepared by Defendant's counsel. Defendant then filed a motion to enforce the settlement, which this Court granted. *See* ECF Nos. 12; 15.

Fisher now seeks reconsideration[1] of this Court's Order enforcing the settlement. ECF No. 17. But Fisher does not demonstrate any clear error of law and presents no new evidence or intervening change of law. Thus, as explained below, this Court will deny reconsideration.

## II. LEGAL STANDARD

A motion to reconsider "is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citing *FDIC v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). Rather, a trial court may grant reconsideration under Civil Rule 59(e) if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

---

[1] On March 18, 2025, Fisher filed a document entitled "Plaintiff Objection to Order Granting Defendant's Motion to Enforce Settlement (ECF No. 12) and Directing Plaintiff to Sign General Release Pursuant to Rules of Civil Procedure 72(b)(2)." ECF No. 17 at PageID.138. Despite the document's title, its substance appears to be more akin to a motion for reconsideration of the Court's Order under Civil Rule 59(e), and will thus be addressed as such.

"Clear error" requires a "definite and firm conviction that a mistake has been committed." *United States v. Castano*, 906 F.3d 458, 467 (6th Cir. 2018) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)). "Newly discovered evidence" is that which was previously unavailable. *GenCorp*, 178 F.3d at 834. Accordingly, "a district court does not abuse its discretion in denying a Rule 59 motion when it is premised on evidence that the party had in its control prior to the original entry of judgment." *Hayes v. Norfolk S. Corp.*, 25 F. App'x 308, 315 (6th Cir. 2001) (quoting *Emmons v. McLaughlin*, 874 F.2d 351, 358 (6th Cir. 1989)).

### III. ANALYSIS

Fisher argues that this Court should reconsider its order to enforce the settlement between the parties because an essential term—payment of court fees—was not agreed upon. ECF No. 17. He also argues that the settlement does not satisfy Michigan Court Rule 3.216(H)(7), which requires that the terms of a settlement reached through mediation be reduced to writing or acknowledged in open court. *Id*. Both of these arguments, however, were already presented by Fisher in his response to Defendant's motion to enforce the settlement and considered by this Court. *See* ECF Nos. 14; 15. Although Fisher may disagree with this Court's decision, that is not a basis for reconsideration in and of itself. *Sault Ste. Marie*, 146 F.3d at 374 (noting that a motion to reconsider "is not an opportunity to re-argue a case").

Moreover, as this Court noted in its February 2025 order enforcing the settlement agreement, Fisher acknowledged that he had agreed to the settlement "of $500.00 and no court fee payoff," but regretted participating in the mediation. ECF No. 15. Thus, the terms of the settlement were acknowledged in open court at the conclusion of the mediation.

Finally, the Michigan Court Rule cited by Fisher is not applicable to this case—which was brought in federal court, not a Michigan state court. *See* Mich. Ct. R. 1.103 ("The Michigan Court Rules govern practice and procedure in all courts established by the constitution and laws *of the State of Michigan*.") (emphasis added). Moreover, even if this *were* a state-court case, the cited rule applies only to the mediation procedure in domestic-relations actions, such as divorce, custody, and child support. *See* Mich. Ct. R. 3.201(A) (noting that "subchapter 3.200 applies to" domestic-relations actions.).

For these reasons, Fisher's motion will be denied.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Objection to Order, ECF No. 17, is **OVERRULED** and reconsideration is **DENIED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: May 20, 2025